■ THOMAS F. CAREY, Respondent, v MARY A. CAREY, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court at Special Term (Doran, J.), entered July 1, 1985 in Essex County, which denied defendant's motion to modify a prior judgment of divorce.

The parties were divorced on March 18, 1985. They had previously entered into a stipulation of separation which was reduced to a judgment of separation on July 18, 1980 and ultimately was incorporated into the judgment of divorce. Also included in the judgment of divorce was an award of custody of the parties' five children to defendant; visitation was denied to plaintiff who was ordered to pay child support of $400 a month or $80 a month per child.

Defendant sought modification of the judgment, asking for an award of child support retroactive to the date when she first sought child support, that is, by the interposition of her answer on November 1, 1982 to plaintiff's divorce complaint. Special Term denied the motion on authority of *Carner v Carner* (85 AD2d 589), finding that the instant matter does not fall within Domestic Relations Law § 236 (B) (eff July 19, 1980) but rather under former section 236, which permitted the court to decide the commencement date of support.

We agree. The parties' separation agreement fully settled property rights, child support and visitation matters. Retroactive application of Domestic Relations Law § 236 (B) is proscribed under such circumstances *(see, Carner v Carner, supra,* p 590).

Domestic Relations Law § 236 (B) (3) states in relevant part that "[n]othing in this subdivision shall be deemed to affect the validity of any agreement made prior to the effective date of this subdivision". Special Term's order took into account the cessation of certain payments plaintiff was receiving as a veteran upon the granting of the divorce and ordered child support from that time forward. The decision was in conformity with the law.

Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.